UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GREGORY COLE,

              Plaintiff,[1]

-against-

JOE BRUNO, Badge # 3066;
DAMIEN E. SUAREZ, Badge # 3167;
GREGORY BERNHARDT, Badge # 8211;
NICHOLAS C. PANDOLFO,

              Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11 CV 5948 (JFB) (AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 09 2012 ★

LONG ISLAND OFFICE

BIANCO, United States District Judge:

Plaintiff, currently incarcerated at the Nassau County Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff is granted thirty (30) days leave to submit an amended complaint.

Background

Plaintiff's complaint in its entirety states:

> On, November 6, 2011, at about 11:50 PM at Hamlet Rd and Market Ln, Levittown of Nassau County, Joe Bruno, #3066 and another officer violated me by physical force, under duress, slammed me to the ground, stepped on my back and cause[d] bruises, cuts to my body, leg, arm and lips. On November 7, 2011 at about 2:00 AM at the 8th Pct. Nassau County Police Dept. Damien E. Suarez #3167, Gregory Bernhardt #8211 and Nicolas C. Pandolfo violated my 4th, 5th and 14th amendments under duress.

Compl. at Statement of Claim, pg. 4. Plaintiff seeks monetary damages.

---

[1] It is unclear whether plaintiff's name is Cregory or Gregory.

Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Discussion

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived

2

[the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 129 S.Ct at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Here, although plaintiff states a cause of action against defendant Bruno, he fails to state any factual allegations to support his claim against officers Suarez, Bernhardt or Pandolfo. See Iqbal, 129 S.Ct. at 1948 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). Plaintiff fails to provide a description of what these defendants did or failed to do that violated his constitutional rights.

Leave to Amend

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint which details his claim against officers Suarez, Bernhardt and Pandolfo. To the best of his ability, plaintiff must set forth the factual allegations to support his claim against each named defendant. Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important for plaintiff to include in the amended complaint all necessary information that was included in the original complaint.

The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the case shall proceed as to defendant Bruno, but the Court shall dismiss this complaint as to defendants Suarez, Bernhardt and Pandolfo, pursuant to 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

/s/ JOSEPH F. BIANCO
JOSEPH F. BIANCO
United States District Judge

Dated: February 9, 2012
       Central Islip, New York

4